Filed 8/23/22  In re Elijah L. CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re ELIJAH L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELIJAH L.,<br><br>    Defendant and Appellant. | A163021<br><br>(Contra Costa County<br>Super. Ct. No. J16-01167) |

Elijah L., a 20-year-old ward of the juvenile court, appeals a dispositional order placing him on home supervision with the condition, among others, that he submit to alcohol and drug testing as directed by the probation department. He contends the court abused its discretion by imposing the testing conditions since the record contains no evidence of a history of substance abuse or evidence that he was under the influence of drugs or alcohol at the time of the offense. We conclude that because Elijah is not yet 21 years of age and, thus, is prohibited by law from using alcohol or marijuana, the condition is nonetheless proper.

### Background

On September 1, 2020, the Contra Costa County District Attorney filed a juvenile wardship petition (Welf. & Inst. Code, § 602) alleging that Elijah

had twice committed rape on an unconscious person (Pen. Code, § 261, subd. (a)(4)). On January 21, 2021, the court granted the prosecutor's request to amend the petition to add an allegation of assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)). After Elijah entered a plea of no contest to the felony assault allegation in exchange for the dismissal of the two rape allegations, the juvenile court sustained the petition.

On June 22, 2021, at the conclusion of the contested dispositional hearing, the court placed Elijah on home supervision. Over trial counsel's objection, the court ordered, among other conditions, that Elijah abstain from using alcohol and marijuana and that he submit to alcohol and drug testing as directed by the probation department.

Elijah timely filed a notice of appeal.

## Discussion

" 'The purposes of juvenile wardship proceedings are twofold: to treat and rehabilitate the delinquent minor, and to protect the public from criminal conduct.' [Citation.] To those ends, a juvenile court may order a ward under its jurisdiction to probation. [Citation.] Under Welfare and Institutions Code section 730, subdivision (b), the court 'may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*).) The juvenile court retains jurisdiction over a non-minor who attains the age of 18 after committing his offense but before juvenile probation is imposed. (Welf. & Inst. Code, § 607, subd. (b); *In re Victor L.* (2010) 182 Cal.App.4th 902, 929.)

Under *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*), a probation condition is unreasonable and invalid if it has no relationship to the crime, relates to conduct which is not itself criminal, and requires or forbids conduct not reasonably related to future criminality. All three prongs must be met before a reviewing court may invalidate a probation condition. (*Ricardo P., supra*, 7 Cal.5th at p. 1118.) This court reviews probation conditions for abuse of discretion. (*Ibid.*)

In *People v. Cruz* (2020) 54 Cal.App.5th 707, 712, the court held that the court abused its discretion in imposing probation conditions prohibiting the defendant's use or possession of marijuana and requiring the defendant to submit to drug testing where nothing in the record indicated defendant's marijuana use played a role in his commission of the crime, that he was under the influence at the time of his arrest, that he had ever been accused of or convicted of a drug-related offense, or had a history of substance abuse. (*Ibid.*)

If Elijah were of legal age to use alcohol and marijuana, the testing condition would be improper under *Cruz*.[1] The record establishes that Elijah had never been accused of or convicted of a drug-related offense. Although the victim was intoxicated at the time of the present offense, Elijah had not used alcohol or marijuana that day. The probation report indicated that Elijah had successfully completed a probationary period for a prior offense during which time he was subject to regular drug and alcohol testing and had no positive tests. According to the probation officer, Elijah does not like drinking alcohol and consumes it only occasionally. The last time he drank alcohol was at a

---

[1] Elijah acknowledges that the condition restricting his use of alcohol and marijuana is reasonable given that he is under the age of 21. For the reasons discussed below, absent his age, the condition would be unreasonable. His appeal challenges only the testing condition.

house party during the summer of 2020, after he had successfully completed probation. Elijah informed the officer he uses marijuana occasionally to help him sleep and ease his anxiety.

Elijah acknowledges that under *In re Kacy S.* (1998) 68 Cal.App.4th 704, 708, 710, imposition of a testing condition on a minor is "reasonably related to future criminality" because it is intended to detect and deter the minor's unlawful use of these substances, even when drugs or alcohol are not implicated in the minor's offense or social history. He argues that *Kacy S.* was decided 24 years ago and its reasoning should be revisited in light of *Ricardo P.*

Contrary to Elijah's argument, the reasoning in *Kacy S.* remains valid and is appropriately applied in this case. Although Elijah is no longer a minor under the age of 18, he is not yet of legal age to use either marijuana or alcohol. Accordingly, the testing condition relates to illegal conduct under the second *Lent* prong. (*In re Kacy S., supra*, 68 Cal.App.4th at p. 709.) Because underage use of alcohol and drugs is a crime, testing for those substances is reasonably related to future criminality under the third *Lent* prong because testing monitors whether a probationer is engaging in illegal conduct. (*Ibid.*)

Nothing in *Ricardo P., supra*, 7 Cal.5th 1113, alters this conclusion. In that case, the court held that a warrantless electronic search condition imposed on a juvenile probationer was not reasonably related to future criminality where the record contained "no indication that [the minor] had used or will use electronic devices in connection with drugs or any illegal activity." (*Id.* at p. 1116.) Unlike an electronic search condition that intrudes upon a wide range of otherwise lawful activity, the drug and alcohol testing condition relates solely to discovering potential unlawful conduct. The testing condition is valid under *Lent* for that reason alone.

4

Elijah will be 21 years old in less than two months. At that time, the condition restricting his lawful use of alcohol and marijuana and the related testing condition will be unreasonable. Accordingly, we will affirm the dispositional order but remand with instructions to the court to terminate these conditions of defendant's probation effective the date of defendant's 21st birthday.

## Disposition

The dispositional order is affirmed. The matter is remanded with instructions to the court to modify the conditions of probation to terminate the restrictions imposed on lawful use of alcohol and marijuana and the related testing condition as of the date of defendant's 21st birthday.


POLLAK, P.J.

WE CONCUR:

STREETER, J.
GOLDMAN, J.

5